# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER ISAHI QUESADA, | Case No.: 1:26-cv-01112-JLT-SKO (HC) |
| Petitioner, | A-Number: 249-112-790 |
| v. | FINDINGS AND RECOMMENDATION TO GRANT PETITION |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | [10-DAY DEADLINE] |
| Respondents. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on February 9, 2026. (Doc. 1.) Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims he was wrongly denied a bond hearing by the Immigration Judge. (Doc. 1 at 4-5.) He alleges the Immigration Judge improperly determined it did not have jurisdiction to grant release on bond. (Doc. 1 at 5-6.) He claims he should be immediately released, or alternatively, provided a bond hearing before an immigration judge ("IJ") at which the Government must prove he's a flight risk or danger to the public by clear and convincing evidence. (Doc. 1 at 8.)

Respondent filed a response on March 13, 2026. (Doc. 9.) Respondent claims Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1), because Petitioner is an "applicant for admission." (Doc. 9 at 4.)

For the reasons discussed below, the Court will recommend the petition be granted.

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras who was encountered by immigration authorities on or about July 15, 2023, at the San Ysidro Port of Entry. (Doc. 9 at 11.) Based on the limited documentation supplied by Respondent, it appears Petitioner was released on his own recognizance soon thereafter but before December 8, 2023, as the exhibits show he was served by regular mail on December 8, 2023, with Notice to Appear at the Sacramento Immigration Court on February 27, 2024. (Doc. 9 at 11-12.) He was placed in removal proceedings, and on May 30, 2024, he was ordered removed to Honduras by an Immigration Judge ("IJ"). (Doc. 9 at 18.)

On June 17, 2024, Petitioner applied for immigration relief. On June 16, 2025, Petitioner appeared for a master calendar hearing. He was taken into custody after the hearing. (Doc. 9 at 21.)

On July 5, 2025, Petitioner appeared at his first detained hearing. Petitioner requested an attorney and the IJ scheduled the next hearing for July 17, 2025. (Doc. 9 at 27.)  On July 11, 2025, the IJ reset Petitioner's hearing to July 24, 2025. (Doc. 9 at 29.)  On July 24, 2025, the IJ reset the hearing to August 21, 2025. (Doc. 9 at 31.)

On August 21, 2025, Petitioner appeared at his second detained hearing. Petitioner requested time to file evidence and a declaration to support his application for relief. The IJ granted the request and scheduled the next hearing to October 2, 2025.

On September 10, 2025, the IJ set the hearing to October 22, 2025, but on October 22, 2025, the hearing was not called. (Doc. 9 at 35.)  On October 27, 2025, the IJ reset the hearing to December 9, 2025. (Doc. 9 at 37.)  On December 8, 2025, the IJ reset the December 9 hearing to December 31, 2025. (Doc. 9 at 39.)  On December 30, 2025, the IJ reset the December 31 hearing to January 20, 2026. (Doc. 9 at 41.)

On January 20, 2026, Petitioner appeared at his third detained immigration hearing. Respondent made a motion to pretermit Petitioner's application for relief, and the IJ granted Petitioner until February 20, 2026, to file a response, with the next hearing set for February 24, 2026.

On February 24, 2026, the IJ granted Respondent's motion and ordered Petitioner removed to Guatemala, or in the alternative, Ecuador. Petitioner's appeal of the IJ's decision is due on March 26, 2026. (Doc. 9 at 44.)

## II.     DISCUSSION

### A.  Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

### B.  Section 1226(a) Governs Petitioner's Detention

Respondent claims that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 9 at 3-6.) Regardless of whether Respondent claims detention authority under § 1225(b)(1) or § 1225(b)(2)(A), rather than § 1226(a), courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. See e.g., Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); Ortiz Donis v. Chestnut, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); J.E.H.G. v. Chestnut, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Carlos v.

Chestnut, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026); Sidqui v. Almodovar, No. 25-CV-9349 (VSB), 2026 WL 251929, at *8 (S.D.N.Y. Jan. 30, 2026) (collecting cases).

C. Due Process

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238, 16 S.Ct. 977, 41 L.Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarantied by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law.").

Courts examine procedural due process claims in two steps. Berrios v. Albarran, No. 25-cv-01544-TLN-CSK, 2025 WL 3171140, at *2 (E.D. Cal. Nov. 13, 2025) (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). The first step asks whether a protected liberty interest under the Due Process Clause exists. Id. The second step "examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Id.

The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary. See Zadvydas, 533 U.S. at 693, 121 S.Ct. 2491. Since Petitioner has a protected liberty interest, the court must determine the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). See Diaz, 53 F. 4th at 1206–07 (applying the Mathews test to a procedural due process challenge to a detention under 8 U.S.C. § 1226, explaining that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir.

4

2017) (applying Mathews factors in immigration detention context). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335, 96 S.Ct. 893.

Turning to the first Mathews factor, Petitioner has a private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690, 121 S.Ct. 2491. Petitioner was out of custody for over a year and a half prior to his re-detention. During that time, Petitioner developed ties to the community and formed the normal attachments of life. The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, this factor favors a finding that Petitioner's private interest has been affected by his detention.

The second Mathews factor, the risk of erroneous deprivation to Petitioner, also weighs in Petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690, 121 S.Ct. 2491; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023).

Petitioner has been detained for 9 months without having been provided a substantive bond hearing before an immigration judge to evaluate his dangerousness and/or flight risk. Thus, the Court concludes "the probable value of additional procedural safeguards" including a bond hearing is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the Court acknowledges the Government has an interest in the steady enforcement of its immigration laws but recognizes that the government's interest in detaining Petitioner without any procedural protections is substantially "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094.

On balance, the Mathews factors favoring Petitioner show that due process requires a bond hearing to justify Petitioner's continued detention under § 1226(a).

D.  Bond Hearing

Having determined that a bond hearing is required, the question of who bears the burden of proof at said hearing must be answered. As other courts have also found, this Court concludes that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond" and that the bond hearing must comport with the other requirements of Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)); Black v. Decker, 103 F.4th 133, 159 (2d Cir. 2024) (affirming district court's order "requir[ing] the government to show at such a bond hearing, by clear and convincing evidence, the need for Black's continued detention" under § 1226(c)); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (holding that in order to justify a noncitizen's continued detention under § 1226(c) "the Government bears the burden of persuasion by clear and convincing evidence. That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community"). In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017); Black, 103 F.4th at 138 (The district court "correctly directed the immigration judge ("IJ"), in setting his bond and establishing appropriate terms for his potential release, to consider his ability to pay and alternative means of assuring appearance.").

## III.    RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be GRANTED, and Respondent be DIRECTED to provide Petitioner with a bond

hearing within fourteen (14) days before an IJ where the Government must demonstrate by clear and convincing evidence that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 23, 2026**                   /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE