**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILMER ISAHI QUESADA, | No. 1:26-cv-01112 JLT SKO (HC) |
| Petitioner, | A-Number: 249-112-790 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 10) |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | |
| Respondents. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Wilmer Isahi Quesada is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 24, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 10.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 10.) On April 3, 2026, Respondents filed objections. (Doc. 11.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. The Court agrees with the magistrate judge that Petitioner's procedural due process claim should be granted. As the magistrate judge explained, and Respondents do not dispute, Petitioner appears to have been previously released on some form of recognizance. (*See* Doc. 10 at 2.) Such release necessarily required Respondents to conclude that he was not a danger or flight risk. *See*

1

*Castellon v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425, at *1 (E.D. Cal. Aug. 14, 2025). His re-detention apparently without any changed circumstance is therefore a due process violation. *Id*. It is also undisputed that Petitioner was ordered removed on February 24, 2026. (*See* Doc. 9 at 3 & Ex. 14.) Because the existence of that removal order has not yet been evaluated by an IJ in relation to his custody status, the Court agrees that a bond hearing is the appropriate remedy. In their objections, Respondents request that limiting language be included should the Court grant relief. Because it remains unclear whether Petitioner timely appealed the order of removal entered on February 24, 2026, the Court will include modified limiting language.

Based upon the foregoing, the Court **ORDERS**:

1.   The Findings and Recommendations issued on March 24, 2026, (Doc. 10), are **ADOPTED** in full.

2.   The petition for writ of habeas corpus is **GRANTED**.

3.   Respondents are **ORDERED TO PROVIDE** Petitioner with a bond hearing within 14 days before an IJ where the Government must demonstrate by clear and convincing evidence that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

4.   This order does not preclude Petitioner's continued detention or re-detention if he is the subject of a final removal order.

4.   The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

UNITED STATES DISTRICT JUDGE

2